IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TREMAIN L. LACY                                             PLAINTIFF

       v.                   Civil No. 6:11-cv-06053

WARDEN DALE REED, Ouachita
River Correctional Unit; LARRY MAY,
Chief Deputy Director, Central Office;
GRANT HARRIS, Assistant Director,
Central Office; and DEPUTY WARDEN
FRED CAMPBELL, Ouachita River
Correctional Unit                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights case filed by the Plaintiff, Tremain Lacy (hereinafter Lacy), pursuant to the provisions of 42 U.S.C. § 1983. Lacy proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Lacy is currently incarcerated at the Wrightsville Unit of the Arkansas Department of Correction (ADC). This action involves events that took place while Lacy was incarcerated at the Ouachita River Correctional Unit (ORCU) of the ADC.

Defendants have filed a motion to dismiss (ECF No. 9). Although Lacy filed a motion (ECF No. 15) for an extension of time to respond to the motion to dismiss, he did not file a response.

**1. Background**

According to the allegations of the complaint, on July 24, 2008, the ORCU Publications Committee Board determined that Smooth Magazine issue #37 contained nudity and therefore could not be provided to Lacy. He was given ten days to decide whether he was going to have the

publication destroyed, returned to the publisher at his own expense, mailed to a third party at his own expense, have the publication picked up after visitation, or appeal the decision.

On July 31, 2008, he appealed this decision. The magazine was sent to the Review Board and it was determined the magazine should be seized and destroyed. Lacy alleges Smooth Magazine issues #38, #39, and #40 were also seized and destroyed.

On June 5, 2009, Smooth Magazine issue #41 was seized. Lacy elected to have this issue picked up at visitation. On June 11, 2009, Lacy filed several grievances OR-09-00139, OR 09-00136, and OR 09-00119 maintaining the Defendants were violating the Equal Protection Clause by utilizing bias in the application of Administrative Directive 07-01 and violating his First Amendment rights.

On June 25, 2009, Lacy was transferred to the Delta Regional Unit (DRU) of the ADC. On July 28, 2009, Lacy was informed by Warden Dale Reed that Smooth Magazine issue #41 had been forwarded to DRU.

Subsequently, on April 4, 2010, Chief Deputy Director May informed Plaintiff that Smooth Magazine #41 had been destroyed on July 15, 2009. Despite the misinformation, Lacy alleges he was awarded no compensation for the magazine.

As relief, Lacy asks for a declaratory judgment, an injunction to prohibit Defendants from banning access to materials targeted to an African American audience, and both compensatory and punitive damages.

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint

must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "Where we can infer from those factual allegations no more than a 'mere possibility of misconduct,' the complaint must be dismissed." *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)(internal quotation marks and citation omitted).

### 3. Discussion

Defendants maintain the complaint should be dismissed for failure to state a claim upon which relief may be granted. They assert the following arguments: First, to the extent Lacy seeks monetary damages, they argue the official capacity claims are barred by sovereign immunity; Second, they argue that Warden Reed's error in advising Lacy the magazine had been forwarded to the DRU is at the most negligence which is not actionable under § 1983; Third, Defendants maintain the claims regarding Plaintiff's disagreement with the prisoner administrators' decisions on his grievances fail to state a claim; Fourth, to the extent Plaintiff has asserted claims based on respondeat superior, Defendants argue they are subject to dismissal; Fifth, Defendants assert Plaintiff has failed to state a claim for relief regarding the denial of the publication in question.

### (A). Sovereign Immunity

In their official capacities, Defendants argue they are not subject to a § 1983 lawsuit for monetary damages. I agree. Any official capacity claim for money damages is subject to dismissal. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276 (1986))."Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

### (B). Error in Communication

Lacy alleges that Warden Reed's mistake in communicating the location of the magazine constitutes a seizure in violation of the Fourth Amendment. However, Lacy alleges only the existence of a mistake or mis-communication. This is insufficient to state a claim of constitutional dimension. A prison official's negligent conduct does not give rise to a cognizable claim under the Due Process Clause or the Eighth Amendment. *See e.g., Daniels v. Williams*, 474 U.S. 327, 328 (1986).

### (C). Inadequate Grievance and Appeal Process

To the extent Lacy disagrees with the grievance procedure and with the appeal process, the claim is without merit. He does not maintain that he was denied access to the grievance procedure or that he was unable to appeal the decision.

Inmates have no separate constitutional right to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Rather, "prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

"[A]n official's action or inaction with respect to a prisoner's appeal cannot give rise to § 1983 liability." *Velasquez v. Varrios*, 2012 WL 2060660, *1 (9th Cir. June 8, 2012). Similarly, a failure to reach a desired result is not a deprivation of due process. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Johnson v. Adams*, 452 Fed. Appx. 708 (8th Cir. 2012)(administrator's response to a grievance appeal was not a constitutional violation that would support a § 1983 action).

### (D). Respondeat Superior Liability

Supervisory officials Warden Reed, Chief Deputy Director May, Assistant Director Grant Harris, and Deputy Warden Fred Campbell maintain there is no basis of liability against them. However, Plaintiff alleges that each of these individuals were personally involved in the grievance and appeal procedure. These allegations are sufficient to state a basis of liability.

### (E). Denial of the Magazine--First Amendment Claim

In this case, Lacy alleges that the confiscation of his Smooth Magazines issue #37 and issue #41 on the grounds they contained nudity violated his rights under the First Amendment and the Equal Protection Clause. Lacy also alleges that, upon information and belief, Smooth Magazine issues #38, #39, and #40 were confiscated as well.

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1972). Among other things, the "Constitution protects the rights to receive information and ideas." *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972).

"[P]rison officials may lawfully censor prison mail that is detrimental to the security, good order and discipline of the institution. The mail policy must advance a legitimate penological

interest." *Kaden v. Slykhuis,* 651 F.3d 966, 968 (8th Cir. 2011)(internal quotation marks and citation omitted). Four factors are applied to determine whether a particular policy advances such a legitimate penological interest. These factors are: (1) whether there is a rational connection between the regulation and a neutral and legitimate governmental interest; (2) whether alternative means exist for the inmates to exercise their constitutional rights; (3) the impact of accommodating that right on other inmates and prison personnel; and (4) whether reasonable alternatives to the regulation exist. *Turner v. Safley*, 482 U.S. 78, 89-90 (1987).

As the Court of Appeals for the Eighth Circuit noted in addressing a claim that a prisoner's First Amendment rights were violated when a magazine sent to a prisoner was rejected on the grounds it was too violent:

> Generally speaking, a prison regulation restricting incoming mail deemed likely to incite violence "is related to the institutional needs of maintaining a controlled and secure environment among the prison population." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 986 (8th Cir.2004). However, if a valid prison regulation is applied to particular mail items in such a way as to negate the legitimate penological interest, the regulation may be unconstitutional as applied to those items. *Id*. Before censoring materials, prison authorities must review the content of each particular item received. *Id*. On appeal, we must independently review the evidence to determine whether SDSP's decision to apply the regulation and withhold Kaden's magazine was an "exaggerated response to prison concerns" and therefore unconstitutional as applied. *Williams v. Brimeyer*, 116 F.3d 351, 354 (8th Cir.1997) (quotation omitted).

*Kaden*, 651 F.3d at 969.

Accepting Lacy's allegations as true, I find the allegations are sufficient to state a plausible claim under § 1983. Certainly, at this state of the litigation, I cannot conclude that the decision to apply the regulation to Smooth Magazine was appropriate. *See e.g, James v. Ryan*, 436 Fed. Appx. 804 (9th Cir. 2011)(prisoner's allegations that prison policy banned sexually explicit publications and all nudity in publications and photos were sufficient to state a claim).

### (F).  Denial of the Magazine--Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  An equal protection claim is stated when a fundamental right has been infringed or a state actor intentionally discriminates against the plaintiff because of membership in a protected class.  *See e.g., Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1424 (6th Cir. 1996).  Lacy makes the conclusory allegation that the Publication Review Committee vote was "biased."  He does not contend that inmates of other races received the Smooth Magazine or that inmates of other races were allowed to receive comparable magazines containing nudity.  There is no allegation that the policy and procedures utilized were in some way disproportionately applied to different races.  He does not maintain that similarly situated prisoners were treated differently.  No plausible Equal Protection claim is stated.

### (G).  Violations of Prison Policy

Lacy maintains that the Defendants violated prison policy in a number of respects in connection with the confiscation and destruction of issues of the Smooth Magazine addressed to him.  A violation of prison policy does not alone give rise to § 1983 liability.  *See e.g., Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

### H.  Due Process--Loss of Property

To the extent, Lacy is seeking to recover the cost of the magazines, no plausible Fourteenth Amendment claim is stated.  The availability of adequate post-deprivation remedies satisfies due process.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*,

31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

### 4.  Conclusion

For the reasons stated, I recommend that the motion to dismiss (ECF No. 9) be granted in part and denied in part.  Specifically, I recommend the following claims be dismissed: (1) all official capacity claims for monetary damages; (2) all claims based on Warden Reed erroneously advising Plaintiff his Smooth Magazine had been sent to DRU; (3) all claims regarding alleged inadequacies in the prison grievance procedure; (4) all claims based solely on alleged violations of prison policy; (5) all Fourteenth Amendment Due Process claims; and (6) all Equal Protection claims.  This leaves for later resolution Lacy's First Amendment claim.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of August 2012.

                                    /s/ Barry A. Bryant
                                    BARRY A. BRYANT
                                    UNITED STATES MAGISTRATE JUDGE