IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TREMAIN L. LACY                                                                                       PLAINTIFF

v.                                        Civil No. 6:11-cv-06053

DALE REED; LARRY MAY;
GRANT HARRIS; and
FRED CAMPBELL                                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Tremain Lacy, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Wrightsville Unit.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants Warden Dale Reed's and Deputy Warden Fred Campbell's Motion for Summary Judgment.[1]  ECF No. 51.  Plaintiff responded to this Motion using a questionnaire prepared by the Court.  ECF No. 57.  After careful consideration, the Court enters the following Report and Recommendation.

1.      BACKGROUND

During the time at issue in the present action, Plaintiff was incarcerated at the Arkansas Department of Corrections, Ouachita River Correctional Unit ("ORCU").  Plaintiff is now incarcerated in the Wrightsville Unit of the Arkansas Department of Corrections.  Plaintiff filed

---

[1] Defendants Reed and Campbell are the only two remaining defendants in this action.  *See* ECF No. 49.  Thus, the Court will refer to these two individual collectively as "Defendants."

1

his original Complaint on July 6, 2011.  ECF No. 1.[2]

According to the allegations of the Complaint, on July 24, 2008, the ORCU Publications Committee Board determined that Smooth Magazine issue #37 contained nudity and therefore would not be provided to Plaintiff.  He was given ten days to decide whether he was going to have the publication destroyed, returned to the publisher at his own expense, mailed to a third party at his own expense, have the publication picked up after visitation, or appeal the decision.  On July 31, 2008, he appealed this decision.  The magazine was sent to the Review Board, and it was determined the magazine should be seized and destroyed.[3]

In Plaintiff's Complaint, he raises five issues: (1) Warden Reed's mistake in communicating the location of issue #41 constitutes a seizure in violation of the Fourth Amendment; (2) the grievance procedure at the ADC is insufficient; (3) Defendants violated Plaintiff's First Amendment rights when they confiscated his Smooth Magazine issue #37 and issue #41; (4) Defendants violated the Equal Protection Clause of the Fourteenth Amendment when they confiscated his Smooth Magazine issues #37 and #41; (5) Defendants violated ADC policy; and (6) Defendants violated Plaintiff's Fourteenth Amendment rights by destroying Plaintiff's property, i.e., his Smooth Magazines.  All of these claims, except Plaintiff's First Amendment claim, were dismissed on Defendants' 12(b)(6) Motion.  ECF No. 20.

---

[2] Plaintiff has requested the authority to amend his original complaint.  ECF No. 47.  Because Plaintiff raises no new claims and further because the Court recommends dismissal of the original complaint, his Motion to Amend should be denied.

[3] Plaintiff also alleged Smooth Magazine issues #38, #39, and #40 were also unconstitutionally seized and destroyed by Defendants.  His claims in regard to those issues were dismissed on September 25, 2014.  ECF No. 49.  Defendants had moved for summary judgment on all issues except the one discussed in this Report and Recommendation.  See the Report and Recommendation dated August 11, 2014 for a full discussion of these issues.  ECF No. 44.  This Report and Recommendation only addresses the allegations as to Smooth Magazine issue #37.

On October 27, 2014, Defendants moved for summary judgment on Plaintiff's claim that Smooth Magazine issue #37 was unconstitutionally seized. ECF No. 51. Specifically, Defendants argue the following in their Motion for Summary Judgment: (1) Plaintiff failed to exhaust his administrative remedies as to issue #37 as required by the ADC's grievance policy; (2) ADC's policy regarding publications is "reasonably related to legitimate penological interests," and Plaintiff's First Amendment claim fails as a matter of law; (3) Plaintiff's claim against Defendants is based upon their "supervisory position, which is not actionable"; and (4) Defendants are entitled to qualified immunity with regard to Plaintiff's individual-capacity claims. ECF No. 53 at 1-17.

On February 11, 2015, Plaintiff responded to this Motion through a Court-supplied questionnaire. ECF No. 57. In this response, Plaintiff did not disagree with any of Defendants' claims. *Id.* Notably, in his response, Plaintiff agreed the following was true: "During the time at issue, the ADC had in effect an Inmate Grievance Procedure requiring inmates to file a grievance naming the specific staff against which the allegation is made and stating the basic facts of the allegation." *Id.* at 8-9. Plaintiff also agreed the following was true: "Pursuant to this ADC procedure, all of these requirements must be met to fully exhaust the inmates administrative remedies." *Id.* Plaintiff also agreed that the only grievances he filed (OR-09-001119, OR-09-00136, OR-09-00139, OR-09-00361) were related to Smooth Magazine issue #41. *Id.* at 11-13.

2. **LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a

3

reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**3.     DISCUSSION**

As noted above, the only remaining issue in this case is whether "Plaintiff's First Amendment claim regarding issue #37" should be dismissed. *See* ECF No. 49. Defendants filed a Motion for Summary Judgment on this final issue. ECF No. 51. Plaintiff responded to this Motion through a Court-supplied questionnaire. ECF No. 27. Upon review of Defendants' Motion and the response, the Court finds Plaintiff did not exhaust his administrative remedies as to Smooth Magazine issue #37 prior to filing his Complaint in this matter; and as such, Defendants' Motion should be granted.

The record indicates Plaintiff only filed four grievances related to the denial of his Smooth Magazine issues: OR-09-00119, OR-09-00136, OR-09-00139, and OR-09-00361. As noted above, in his response, Plaintiff admits these were the only grievances he filed related to his claim that he

did not receive his Smooth Magazine issues.  ECF No. 37 at 13.  Further, none of these four grievances dealt with Smooth Magazine issue #37, and Plaintiff does not dispute that fact.  *Id.* at 11-13.  Notably, Plaintiff states he "agree[s]" to the characterization of all four of these grievances as being related to Smooth Magazine issue #41.  *Id.*

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit.  Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

ADC  Directive 09-01 dictates the inmate grievance procedure at the ADC during the time period at issue here, and Plaintiff does not dispute this was the applicable inmate grievance procedure during the time period at issue here.  ECF No. 57 at 10.  With respect to step one of ADC Directive 09-01, inmates are advised both in the administrative directive and on the grievance form that the forms must be "*specific* as to the substance of the issue or complaint."  ECF No. 51-2 at p. 5 (emphasis added).   Inmates are further advised that they "must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 claim and Claims Commission claim.  If this is not done, [inmates are advised], their lawsuits or claims may be dismissed immediately."  *Id.* at p.17.

Plaintiff does not dispute he never filed a grievance related to Smooth Magazine issue #37.  ECF No. 37 at 11-13.  ADC Directive 09-01 requires a prisoner's grievance be "specific."  ECF No. 51-2 at p. 5. Because Plaintiff did not file a "specific" grievance as required by ADC Directive 09-01 which directly addressed his objection to not receiving Smooth Magazine issue #37, his asserted

5

notice does not satisfy the ADC grievance procedure as outlined in Directive 09-01. Therefore, it fails to satisfy the exhaustion requirements of the PLRA.

Accordingly, there are no genuine issues of material fact as to whether Plaintiff failed to properly exhaust his claims against Defendants as to Smooth Magazine issue #37. Thus, the remainder of Plaintiff's claims against Defendants as to Smooth Magazine issue #37 should be dismissed without prejudice pursuant to 42 U.S. C. § 1997e(a).

**4.    CONCLUSION**

For the foregoing reasons, I recommend Defendants' Motion for Summary Judgment (ECF No. 51) be **GRANTED**. Further, I recommend Defendants Warden Dale Reed and Deputy Warden Fred Campbell be dismissed from this action without prejudice pursuant to 42 U.S.C. § 1997e(a).

Further, for the reasons noted above, because Plaintiff raises no new claims and because the Court recommends dismissal of his original complaint, Plaintiff's Motion to Amend (ECF No. 47) should also be **DENIED.**

**The Parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of February 2014.

>  /s/   Barry A. Bryant  
> HON. BARRY A. BRYANT  
> U.S. MAGISTRATE JUDGE

6